**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JULIO CAMERENA,**

        Petitioner,

  - v -                                       9:07-CV-1306
                                                     (TJM/RFT)
**MARK BRADT, Superintendent,**

        Respondent.

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4.  Magistrate Judge Treece's Report-Recommendation and Order recommends that the petition be denied and that no certificate of appealability be issued.  See Rep. Rec. & Order [dkt. # 12].  Petitioner JULIO CAMERENA has not filed objections to the Report-Recommendation and Order.

**II.    DISCUSSION**

Ordinarily, when no objections are raised to a Report and Recommendation, the Court examines the record to determine whether the Report and Recommendation is

subject to attack for plain error or manifest injustice. Here, however, the Court's docket sheet indicates that the Report-Recommendation and Order, which was sent to Petitioner at his last known address, was returned as undeliverable.  Magistrate Judge Treece indicated in the Report-Recommendation and Order that, according to the New York State Department of Correctional Services (DOCS) website, on August 13, 2010, Camerena was released from confinement and granted parole.

Every litigant is required to keep the Court advised of his address so that documents and decisions may be served upon him by mail. See Local Rules of the United States District Court for the Northern District of New York, 10.1(b).  Failure of a litigant to keep his address current can greatly delay proceedings and, therefore, can be construed as an abandonment of the action. "While a *pro se* litigant's pleadings must be construed liberally, ... *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")(citing McNeil v. United States,  113 S. Ct. 1980, 1984 (1993)); see also Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law.").

While the Court could infer that Petitioner's failure to advise the Court Clerk's Office of his forwarding address is a tacit abandonment of his claims addressed in the Report-Recommendation and Order, the Court will instead exercise its discretion and review this matter as if a general objection has been lodged to the Report-Recommendation and Order.  Under such circumstances, the Court reviews the record *de novo*.  See 28 U.S.C.

§ 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

### III.    CONCLUSION

Having considered the record *de novo*, the Court adopts the Report-Recommendation and Order in its entirety for the reasons stated therein.  Therefore, **the petition is DENIED and DISMISSED**.

The Court also determines that the petition presents no question of substance for appellate review and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R. App. P. 22(b).  Accordingly, **A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE.**

**IT IS SO ORDERED**

DATED: January 14, 2011

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge